UNITED KITCHEN EQUIPMENT CO., INC., Appellant, v. THOMAS V. UNDERHILL, as Sheriff of Westchester County, and WILLIAM F. MURPHY, Deputy Sheriff, Respondents. (Appeal No. 1.) — Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

INCORPORATED VILLAGE OF GARDEN CITY, Respondent, v. GARDEN CITY PROPERTIES, INC., GOREAND CORPORATION and WELLINGTON ESTATES, INC., Appellants.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

JOHN B. WARNOCK, Appellant, v. GLOBE AND RUTGERS FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, Respondent.— Motion for reargument denied, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

BENJAMIN BARKIN, Respondent, v. SAUL BRYNES, Trading as S. BRYNES & Co., Appellant.— Order of June 1, 1931, reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In our opinion, that order is fatally defective in that it fails to state any specific act or omission by the defendant constituting the alleged contempt of court, and, further, because it omits a statement that the defendant's conduct was calculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies of the plaintiff. The order of June 25, 1931, in so far as it grants the motion to punish for contempt, is reversed on the law and the facts, with ten dollars costs and disbursements, and motion to that extent denied, with ten dollars costs, for the reason that the order fails to state the specific acts or omissions which the plaintiff claims constituted contempt of court on the part of the defendant. Its recitals, that the defendant disobeyed the orders of October 1, 1928, and of February 18, 1931, are not supported by any proof in the record, nor does it appear that the defendant refused to answer any question relating to the plaintiff's claim for damages, as stated in said order. Besides, it is our opinion that the court had no authority to make the order of June twenty-fifth on the defendant's motion for a reargument of the earlier motion, and that the Special Term should have heard and decided said motion for a reargument upon the original papers, and having denied that motion, had no right to receive the plaintiff's additional affidavits containing new matter, some of which occurred after the order of June first was made, and that the order of June twenty-fifth is, therefore, invalid. Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ., concur.